**In re Carl D. NEITZEL, Debtor.**

**Bankruptcy No. 91–13018.**

United States Bankruptcy Court, D. Rhode Island.

April 23, 1993.

John H. Brown, East Greenwich, RI, David F. Reilly, Former Atty., Wickford, RI, for debtor.

Andrew Richardson, Boyajian, Harrington & Richardson, Providence, RI, for Chapter 13 Trustee.

## ORDER

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

The hearing on this acrimonious dispute began on October 22, 1992 and continued on various dates through April 7, 1993, on the Debtor's objection to the fee application of his former attorney, David Reilly, Esq. What should have been a straightforward fee disagreement has become an overly protracted exercise in tossing blame back and forth, that has unnecessarily consumed

days of lawyer and Court time. For his representation of the Debtor, Mr. Reilly seeks $4,895 in fees for legal services performed in this case, and $257.50 in expenses. The major point of contention centers around the timing of the filing of Debtor's Chapter 13 petition, and the alleged consequences of said late filing to the Debtor.

## BACKGROUND

Carl Neitzel met with attorney David Reilly on October 11, 1991 to discuss his financial problems, as well as the advisability of filing for bankruptcy protection. It is clear that the effect of the automatic stay upon a scheduled foreclosure of Neitzel's Warwick residence on October 23, 1991 was an important consideration at the October 11, 1991 meeting. Reilly filed a Chapter 13 petition for Neitzel on November 15, 1991, but not until *after* Commonwealth Mortgage Company had foreclosed on the Debtor's house. The Debtor contends that a substantial amount of Reilly's time, for which he now seeks compensation, was spent attempting to rescind a foreclosure that should have never occurred, had the petition been timely filed. In this regard Neitzel argues that Reilly's fee should be disallowed or reduced significantly.

In response, Reilly argues that he did not accept Mr. Neitzel as a client on October 11, 1991 because he had not been provided with information which he deemed necessary to satisfy himself that the bankruptcy petition was being filed in good faith. Reilly also testified that he made it clear to Neitzel that he would not file any court papers in his behalf *until* he received the completed questionnaire he customarily requires from bankruptcy clients. Neitzel provided the questionnaire on October 29, 1991.

## DISCUSSION

Based on all the evidence before us, and only for the purpose of determining the reasonableness of Mr. Reilly's fee application, we find that a petition should have been filed by Reilly on Neitzel's behalf prior to the foreclosure sale.[1] We also find that Reilly did expend a significant amount of time attempting to undo the foreclosure, and that the client should not be required to bear this expense. Accordingly, a reduction in the fee request is warranted, and we find that reasonable compensation, based upon the record before us, is as follows:

1) $1,000 for the initial representation of the Debtor, including preparation and filing of the Chapter 13 petition, plan and schedules, and attendance at the § 341 meeting.

2) $1,500 for defending *two* motions for relief from stay regarding Debtor's two parcels of real estate, as though the petition had been timely filed. Although, because of the prepetition foreclosure of the Debtor's house, only one motion for relief from stay was actually filed, it is a virtual certainty that Commonwealth Mortgage Company would have filed for relief from stay if its scheduled foreclosure had been stopped by a timely bankruptcy filing. Neitzel's argument that such an expectation is "speculative" is naive and specious, at best.

3) $300 in preparation for and attendance at the September 3, 1992 hearing on objection to the Trustee's motion to sell Debtor's property in Chepachet, Rhode Island.

4) $137.50 in expenses (i.e. the Chapter 13 filing fee of $120 and various parking fees).

This allowance is intended to compensate Mr. Reilly, and to charge Mr. Neitzel for

---

1. Although we make this finding in hindsight for the purpose of determining the reasonableness of the instant fee application, it appears that the Debtor is probably at least as well off today as he would have been if his bankruptcy petition had been filed prior to the foreclosure. The facts that the Debtor has not worked since 1989, because he has continually suffered from depression and withdrawal; that he has been unable to sell either of his two properties; or to make mortgage or rental payments, all clearly indicate that the Debtor is unable to complete either the plan that was confirmed, or the plan that he says should have been confirmed had the petition been timely filed. In other words, over time, because of the Debtor's financial, physical, and personal problems, the failure to stop the foreclosure in the first place has become less significant, although the Debtor certainly does not see it this way.

the services that probably *would* have been required had the petition been timely filed, and also takes into account what has actually transpired since the filing, vis-a-vis the Debtor and his secured creditors. (See Footnote 1 above.) Accordingly, Mr. Reilly's fee application is ALLOWED in the total amount of $2,937.50 for fees and expenses. Because a retainer of $500 was received by Applicant, the balance due is $2,437.50.

In light of the record established during this fee litigation, the Chapter 13 Trustee is ORDERED to file a report within 10 days on the status of the case, together with his recommendation as to whether it should remain in Chapter 13.

Enter Judgment consistent with order.